Chief Justice Robertson
delivered the opinion of the court.
This case resembles, in some respects, that of Breeding et al. vs. Stoneman et al. just decided. Two notes were executed to Mrs. Harris, (after- *379 wards Mrs. Thrielkeld) for specie, in consideration of the same nominal amount of commonwealth paper advanced by Dabney Finley as agent; one of the notes reserved interest from its date, the other, which was for only $47, has not been exhibited, and there is nothing in the record from which we can infer whether it reserved interest, or when it was due.
The est is a strong and almost F°^oleusi^e j0aai®e 0 a
Crittenden and Morehead, for appellant; Mills and Brown, for appellees.
The reservation of interest is a strong and almost conclusive badge of a loan; and therefore, as was decided in Boswell vs. Clarkson, J. J. Mar. Rep. (in which there was even strong countervailing evidence of a sale, of which this case is entirely destitute,) the note which reserved interest, must be considered usurious.
For want of any proof as to the note for $47, this court cannot decide that it was usurious.
It results, therefore, that the appellants were entitled to relief.
Finley was not a proper party (because there could be no decree against him,) and therefore, the decree in his favor is affirmed.
But the decree dismissing the bill as to the other parlies, and dissolving the injunction,is reversed and the cause remanded, with instructions to perpetuate the injunction to the extent of the usury, estimating the amounts loaned according to the value of Commonwealth paper at the dates of the loans.